ERIC A. LIEPINS
ERIC A. LIEPINS, P.C.
12770 Coit Road
Suite 850
Dallas, Texas 75251
(972) 991-5591
(972) 991-5788 - telecopier

PROPOSED ATTORNEYS FOR DEBTOR

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN   DISTRICT OF TEXAS
SHERMAN DIVISION

In Re:                                           §
                                                 §
                                                 §
2304 Limited Partnership,                        §          Case No. 24-40001
                                                 §
                                                 §
  Debtor                                         §
                                                 §

**MOTION FOR AUTHORITY TO (I) CONTINUE USING  BANK ACCOUNTS, AND
BUSINESS FORMS; (II) APPROVE PAYMENT OF
MONTHLY BANKING FEES AND (III) WAIVE REQUIREMENTS OF 11 U.S.C.
§345(B)**

COMES NOW, 2304 Limited Partnership ("Debtor") as debtor in possession, file this motion

(the "Motion") for authority to continue using its cash management system, bank accounts, and

business forms, approving the Debtors' payment of banking fees, and waiving the requirements of

11 U.S.C. § 345(b) and respectfully represent as follows:

1.       This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and

1334 and 11 U.S.C. §§ 105, 345, and 363. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2,       The Debtor owns and operates a commercial complex in Grand Prairie, Texas

with approximately 140 tenants. The tenants make payments of rent in various way including

ACH,  checks, wire transfers  and direct deposits in the Debtor's  bank account

3.       In its operations, Debtor maintains three bank accounts at  Texas Security Bank

(Accounts").

4.      By this Motion, Debtor seeks authority to (i) maintain its existing corporate bank accounts (ii) continue using Debtor's existing business forms and records; and (iii) authorize Debtor to pay its monthly banking fees. Debtor also requests the waiver the requirements of 11 U.S.C. § 345(b).

5.      The Office of the United States Trustee for the Eastern District of Texas (the "U.S. Trustee") has established certain operating guidelines for debtors-in-possession in chapter 11 cases. These guidelines require debtors-in-possession to, among other things, (a) close all existing bank accounts and open a minimum of three new debtor-in-possession accounts, one that is to house all money required to pay taxes, one that is to house all money required to pay general expenses, and one that is to house cash collateral, as that term is defined in § 363 of the Bankruptcy Code, (b) obtain checks for all debtor-in-possession accounts that have the designation "debtor-in-possession," the bankruptcy case number, and the type of account. According to the U.S. Trustee, these requirements are designed to provide, among other things, a clear demarcation between prepetition and postpetition transactions and operations, which would, in theory, prevent the inadvertent postpetition payment of a prepetition claim.

Section 345(b) of the Bankruptcy Code provides as follows:

Except with respect to a deposit or investment that is insured or guaranteed by the United States or by a department, agency, or instrumentality of the United States or backed by the full faith and credit of the United States, the trustee shall require from an entity with which such money is deposited or invested–

D-1560194_4.DOC

(A)  in favor of the United States;

(B)  secured by the undertaking of a corporate surety approved by the United States trustee for the district in which the case is pending; and

(C)  conditioned on–

(i)  a proper accounting for all money so deposited or invested and for any return on such money;

(ii)  prompt repayment of such money and return; and

(iii) faithful performance of duties as a depository; or

(2)  the deposit of securities of the kind specified in section 9303 of title 31;

unless the court for cause orders otherwise.

11 U.S.C. § 345(b).

6.      Debtor respectfully requests authority to maintain its existing Bank Accounts and Cash Management System in accordance with its usual and customary practices to ensure a smooth transition into Chapter 11 with minimal disruption to operations. Debtor also requests authority to close any of the Bank Accounts if, in the exercise of its business judgment, Debtor determines that such action is in the best interest of the estate.

7.      Only if the Bank Accounts are continued with the same account numbers can the transition into Chapter 11 be smooth and orderly, with minimal interference with continuing operations. In order to conduct its postpetition business, Debtor needs to be able to issue checks to vendors, service providers, employees, and others. To open new accounts and obtain checks for those accounts will cause delay and disruption to Debtor's business. Moreover, a change in the Accounts to which customers wire and route payments could delay Debtor's receipt of funds needed for operations.

8.      Preserving business continuity and avoiding operational and administrative

paralysis that closing the existing Bank Accounts and opening new ones would necessarily create, all parties-in-interest, including employees, vendors, and customers, will be best served, and the benefit to the Debtors' estates will be considerable. The confusion that would otherwise result could only work to the detriment of this Chapter 11 case. Debtor will continue to maintain records respecting all transfers between and among the Accounts so that all transactions can be ascertained after they have occurred.

9.   Debtor  seeks a waiver of the requirement that it open a new set of books and records as of the Petition Date. Opening a new set of books and records would create unnecessary administrative burdens and hardship and would cause unnecessary expense, utilization of resources, and delay. Debtor, in the ordinary course of its business, uses many checks, invoices, stationery, and other business forms. By virtue of the nature and scope of the business in which Debtor is engaged and the numerous other parties with whom Debtor deals, Debtor needs to use its existing business forms without alteration or change. A substantial amount of time and expense would be required in order to print new checks and other business forms. Fulfillment of the requirement would likely delay payment of postpetition claims and negatively affect operations and the value of this estate. Accordingly, Debtor should be authorized to continue to use its existing business forms and to maintain its existing business records.

10.     The Banks charge Debtor a monthly fee for maintaining the Accounts, which may vary monthly based on actual usage. Debtor was current on payment of these monthly fees as of the Petition Date. Debtor requests authority to continue paying the monthly fees in the ordinary course of business, including any portion of the fee attributable to prepetition services.

11.     Pursuant to section 105(a) of the Bankruptcy Code, Debtor seeks a waiver of the

D-1560194_4.DOC

requirements of section 345(b) of the Bankruptcy Code. As discussed above, the Accounts are maintained with financial institutions that are financially stable. Consequently, a waiver of the requirement to comply with section 345(b)'s investment guidelines should pose no risk to the Debtors' estate or creditors.

12.     Section 345(a) of the Bankruptcy Code authorizes deposits or investments of money of estates, such as Debtor's cash, in a manner that "will yield the maximum reasonable net return on such money, taking into account the safety of such deposit or investment." 11 U.S.C. § 345(a).

13.     The Debtor does not anticipate that the Accounts will ever have more that the $250,000 insured limit in them during the course of this case.

14.     Section 105 of the Bankruptcy Code provides in pertinent part that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Courts have long recognized that the power granted by section 105(a) was expressly meant to be exercised to effectuate the rehabilitation of the debtor. *See, e.g., In re Ionosphere Clubs, Inc.,* 98 B.R. 174, 177 (Bankr. S.D.N.Y. 1989) (citing H.R. Rep. No. 595, 95th Cong., 1st Sess. 16 (1977)). The relief requested in this Motion is critical to the Debtor's successful reorganization or liquidation, and is justified under section 105(a).

WHEREFORE, the Debtors respectfully request that this Court grant the relief requested herein and such other and further relief as is just and proper.

Respectfully submitted,

__/s/ Eric Liepins_____
ERIC A. LIEPINS
ERIC A. LIEPINS, P.C.
12770 Coit Road
Suite 850
Dallas, Texas 75251
 (972) 991-5591
 (972) 991-5788 - telecopier

PROPOSED ATTORNEYS FOR DEBTOR

CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing Motion was sent via United States mail postage pre-paid to the parties on the attached service list on this the 3rd day of January 2024.

                        __/s/ Eric Liepins _____
                        Eric Liepins

D-1560194_4.DOC