United States Department of Justice
Office of the United States Trustee
110 N. College Avenue, Suite 300
Tyler, Texas 75202
(903) 590-1450; Fax (903) 590-1461

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| 2304 Limited Partnership | § | Case No. 24-40001 |
| 18208 Preston Road | § | |
| Suite D9, Box 224 | § | |
| Dallas, TX 75252 | § | |
| COLLIN-TX | § | |
| Tax ID / EIN: 87-3801861 | § | |
| | § | |
| | § | |
| Debtor | § | Chapter 11 |
| | § | |

**UNITED STATES TRUSTEE'S OBJECTION TO MOTION FOR AUTHORITY TO (I) CONTINUE USING BANK ACCOUNTS AND BUSINESS FORMS; (II) APPROVE PAYMENT OF MONTHLY BANKING FEES; AND (III) WAIVE REQUIREMENTS OF 11 U.S.C. § 345(B)**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE PRESIDING:

Kevin Epstein, the United States Trustee for Region 6 ("U.S. Trustee") hereby files in the above-numbered and captioned bankruptcy case ("Case") his Objection ("Objection") to Debtor's Motion for Authority to (I) Continue using Bank Accounts and Business Forms; (II) Approve Payment of Monthly Banking Fees; and (III) Waive Requirements of 11 U.S.C. § 345(b) (the "DIP Account Waiver Request") and respectfully states in support thereof:

**Background**

1.     On January 1, 2024, the Debtor filed the Case under chapter 11 of Title 11.

2.     On January 2, 2024, the U.S. Trustee sent Debtor's counsel an email

requesting the Debtor, consistent with the U.S. Trustee's Guidelines, to promptly open a debtor-in-possession account at an approved depository, and if the Debtor required some form of banking arrangement outside the U.S. Trustee's Guidelines to please advise the U.S. Trustee as soon as possible and seek approval from the Court.  A true and correct copy of the January 2 email is attached as Exhibit 1.

3. On January 3, 2024, the Debtor filed the DIP Account Waiver Request. Debtor did not contact the U.S. Trustee concerning any requirement for an alternative form of banking arrangement outside the Guidelines.

4. The DIP Account Waiver Request (a) misstates the U.S. Trustee's Guidelines, and (b) supports the request for waiver asserting, in summary, that (i) the Debtor's cash balance does not exceed FDIC insurance coverage of $250,000, and (ii) the Debtor's approximately 120 tenant clients are accustomed to depositing their rent payments to Debtor using Debtor's existing rent deposit bank account and closing the rent deposit account would disrupt Debtor's business operations.

**U.S. Trustee's Banking Guidelines and Objectives of the Guidelines**

5. The U.S. Trustee's Guidelines, Section VIII, concerning banking, provide, in pertinent part, as follows:

> VIII. BANK ACCOUNT REQUIREMENTS Immediately upon filing your petition, any funds in your existing bank accounts become property of the bankruptcy estate. This includes individual debtors (see 11 USC §1115). Accordingly, you must close all existing pre-petition bank accounts and move the funds to a debtor-in-possession ("DIP") bank account(s) at an approved financial institution. . . .
>
> U.S. Trustee's Guidelines at 7.

6. In addition, the same section of the U.S. Trustee's Guidelines also provides, in pertinent part, as follows:

2

We maintain a listing of all approved financial institutions in Region 6 that have agreed to pledge securities with the Federal Reserve or post a bond to insure their bankruptcy accounts and we monitor these institutions to ensure the requirements of the Bankruptcy Code are met. The most current Authorized Depository Listing is available on our website at https://www.justice.gov/ust/ust-regions-r06/region-6-general-information-1 under the heading "Initial Debtor Interview (IDI) Information". Note that this list is dynamic and changes frequently.

U.S. Trustee Guidelines at 7.

7.      The Authorized Depository Listing (a) identifies approximately 40 banks monitored by the U.S. Trustee for collateralization of debtor in possession accounts, (b) footnotes limitations applicable to certain banks, and (c) includes a specific point of contact with a phone number and email address for the point of contact at the respective bank.

8.      A true and correct copy of the U.S. Trustee's Guidelines is attached as Exhibit 2.  A true and correct copy of the Authorized Depository Listing, as of the filing of this Objection, is attached as Exhibit 3.

9.      The U.S. Trustee's Guidelines concerning banking are designed to help ensure debtors comply with Bankruptcy Code requirements concerning post-petition use of estate cash.  Two primary objectives are to (a) ensure that estate funds are properly collateralized in accord with Bankruptcy Code section 345, and (b) support transparency by allowing monitoring of debtor's use of estate funds post-petition.  Each of the banks listed in the Authorized Depository Listing has executed a uniform depository agreement with the U.S. Trustee for the Region by which the bank may provide information about a debtor's account directly to the U.S. Trustee.  If a debtor does not timely or correctly file required reporting during a case, the bank may directly provide the U.S. Trustee the debtor's account information to allow monitoring of the debtor's post-petition use of

estate cash.

10.     Occasionally, continuity of debtors' operations supports banking arrangements outside the U.S. Trustee's Guidelines.  In larger cases, complexity of debtors' existing cash management systems often supports exceptions.  In other cases, debtors use deposit accounts that would present significant disruption if closed.  Common examples include debtors who use credit card merchant deposit accounts, Medicaid or Medicare payment remittance accounts, or Social Security or Veteran's benefit deposit accounts.

11.     In such cases supporting exceptions to the U.S. Trustee's Guidelines, the U.S. Trustee endeavors to work with debtor's counsel to find an alternative arrangement that meets the debtor's operational challenges and simultaneously achieves the broad objectives of the U.S. Trustee's banking guidelines, protection of estate funds and the ability to monitor the debtor's use of estate funds.  Such alternative arrangements should be presented to the Court by motion with notice to parties and an order proposed to memorialize any such alternative arrangement.

**Objection**

12.     In this Case, the DIP Account Waiver Request indicates that the Debtor uses a deposit account ("Rent Deposit Account") to receive rent payments from some 120 client tenants and closure of the Rent Deposit Account would cause significant disruption to the Debtor's operations.

13.     In this situation, the U.S. Trustee would normally request that the Debtor promptly open a debtor-in-possession account at an approved depository (a "DIP Account"), close all other accounts except the Rent Deposit Account, move all estate

funds to the DIP Account to be used exclusively for Debtor's ongoing operations, and install a daily sweep from the Rent Deposit Account to the DIP Account.  Such an alternative arrangement would resolve the operational challenge presented by closure of the Rent Deposit Account and simultaneously ensure that estate funds are properly collateralized and that the debtor's post-petition use of cash may be monitored.

14.     The U.S. Trustee objects to the relief requested in the DIP Account Waiver Request without some additional support that such relief is necessary or other safeguards to ensure the Debtor will adhere to the requirements of the Bankruptcy Code concerning post-petition use of estate funds.

WHEREFORE, the United States Trustee respectfully requests the denial of the Employment Application pending resolution of the issues identified herein, and for such other relief as may be just.

Dated:  January 17, 2024                          Respectfully submitted,

Kevin Epstein
United States Trustee
Region 6

By:   */s/ Marc Salitore*
Marc Salitore
Assistant United States Trustee
State Bar 24029822
110 N. College Avenue, Suite 300
Tyler, Texas 75702
(903) 590-1450; Fax (903) 590-1461

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing document was served on the following listed persons through the court's electronic notification system as permitted by Appendix 5005 III E to the Local Rules of the U.S. Bankruptcy Court for the Eastern District of Texas, by email correspondence where possible, or by first class United States Mail, postage prepaid, no later than January 18, 2024.

                                                   */s/ Marc Salitore*
                                                   Marc Salitore

**DEBTOR:**
2304 Limited Partnership
18208 Preston Road
Suite D9, Box 224
Dallas, TX 75252

**DEBTOR'S PROPOSED COUNSEL:**
Eric A Liepins
Eric A. Liepins, P.C.
12770 Coit Road
Suite 850
Dallas, TX 75251
972-991-5591
Email: eric@ealpc.com

**NOTICES OF APPREARANCE:**
LINEBARGER GOGGAN BLAIR & SAMPSON, LLP
2777 N. Stemmons Freeway
Suite 1000
DALLAS, TX 75207

Craig E. Power
Reagan H. "Tres" Gibbs, III
Emma P. Myles
COKINOS | YOUNG
Four Houston Center
1221 Lamar Street, 16th Floor
Houston, Texas 77010
cpower@cokinoslaw.com
tgibbs@cokinoslaw.com
emyles@cokinoslaw.com

Susan B. Hersh
SUSAN B. HERSH, P.C.
12770 Coit Road, Suite 850
Dallas, TX 75251
susan@susanbhershpc.com